FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2024

SEAN F. McAVOY, CLERK

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Andrew Booth, a Special Agent with the Federal Bureau of Investigation, having been duly sworn, hereby state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging DALLAS SHULER ("SHULER") with possession and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2),(b)(1) (receipt of child pornography), occurring on or between April and May 2024 in Chattaroy, Washington, in the Eastern District of Washington.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4.      I have been a Special Agent with the Federal Bureau of Investigation since May 23, 2019.  I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 3051.

5.      During my training at the FBI Academy in Quantico, Virginia, I received training in a variety of investigative and legal matters, including searches, the drafting of search warrant affidavits, and probable cause. The academy covered various aspects of criminal investigations, including but not limited to physical surveillance, constitutional rights, the execution of search warrants, interview techniques, and working with confidential sources.

6.      Based on my training and experience, as well as conversations I have had with experienced law enforcement officers, I have become familiar with the practices of those who receive and distribute child pornography.  Specifically, I have received training from the FBI and other institutions regarding computer related child pornography. I have received training regarding Internet crimes and child exploitation investigations, including Peer to Peer investigation using the eMule, BitTorrent, BitTorrent Receptor and Freenet platforms. As a Special Agent, I have served as the affiant on numerous search warrants, complaints, court orders, and arrest warrants.

7.      I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part.  Facts not set forth herein are not being relied on in reaching my conclusion that the requested warrant should be issued.  Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

8. **I am investigating potential attempts and completed violations of 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1) regarding the receipt of child pornography.** Those offenses are set forth as follows:

   a. **18 U.S.C. § 2252A(a)(2)(A)** prohibits any person from knowingly receiving or distributing any child pornography that has been mailed, or using any means or facility of interstate commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   b. **18 U.S.C. § 2256(8)(A)** defines "child pornography" as, inter alia, "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

   c. **18 U.S.C. § 2256(2)(A)** defines "sexually explicit conduct" as "actual or simulated[:] sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals or pubic area of any person."

## STATEMENT OF PROBABLE CAUSE

9. Based on the facts described below, I have probable cause to believe that Shuler was in violation of **18 U.S.C. §§ 2252A(a)(2)(A), regarding the receipt of child pornography**.

10.  On May 6, 2024, the FBI in Spokane received a tip from the Operation Rescue Me/Endangered Child Alert Program of the Child Exploitation Operational Unit of the FBI. That unit reviews images of child pornography to try and identify victims or perpetrators. The lead stated an analyst had reviewed a video from a known series of child pornography. The video depicted two minor males engaging in oral sex on Snapchat. The video was being screen recorded by an unknown subject. At one point during the video, the subject received a call and his face was visible for a split second. There was a Gonzaga flag on the wall in the background. Using an open source image repository, subject was tentatively identified as Dallas Shuler, from in Chattaroy Washington. The analyst also confirmed identity through facebook as well as the staff directory page from Riverside Elementary School in Chattaroy.

11.  On May 7, 2024, Dallas Shuler was contacted for an interview by FBI Special Agent Taylor Clarke and Spokane County Sheriff's Detective Tom Keys at Riverside Elementary School, Chattaroy, Washington. Shuler was advised he was being audio and video recorded, advised of his constitutional rights and stated he did not request a lawyer to be present for the interview. Shuler participated in the interview and below is a summary of his statements:

12.  He confirmed his name as Dallas Shuler with a date of birth on 08/30/19XX. He works at Riverside Elementary School and lives at 5417 N Evergreen Rd in Spokane Valley, but is currently staying at 1718 E C St in Deer Park. He stated he got into some pretty "dark things" when he was younger, which he clarified as admitting he enjoyed looking at sexually explicit images of children of a pubescent/pre-adolescent age. This started on his parent's computer, and he stated he had viewed sexually explicit material of children as young as ten.

13.  Shuler began working at Riverside Elementary about three years ago. He claimed he has never done anything inappropriate with a student and wanted to help the kids, which is why he chose that environment to work in. He stated he wanted to

have a positive effect on the kids. He further stated he has "mental issues" but clarified he was not saying he has a mental disability or a developmental disability. Rather, he likened it to an addiction like smoking. He admitted his sexual attraction to minors is a problem.

14.     Shuler also admitted to conversing with minors regarding sexual content. Within the past year, he advised that has communicated online with over 25 minors for immoral purposes and admitted there is more than 25 victims. He adamantly denied talking with local minors. He also denied arranging to meet with any minors for sexual activity. He claimed that he "doesn't want to hurt anybody and knows how that can affect people. I'm not trying to, you know, do it. No, absolutely not." He stated the minors he communicated with do not know how old he is and claimed that he poses as a juvenile boy or girl when he talk with them. Defendant also admitted to having a collection of videos and pictures he shares with other juveniles to gain their sexually explicit pictures and videos.

15.     Defendant stated he asks for specific sexually explicit images and videos from the minors he communicates with and promises explicit videos in exchange. The "traded" images are selected to be sent to the minors he communicates with based on, as he stated, "Kind of just depends on what they'd prefer, I guess." He clarified he may send a picture/video of a girl engaging in sexually explicit conduct to a boy in exchange for images or videos of the minor aged boy in return. He denied ever live streaming with minors but stated that minors have sent him sexually explicit videos. He described the videos as including masturbation, oral copulation, vaginal penetration and anal penetration. He admitted to trading depictions with specific people in the past but stated that he usually targets minors/juveniles to get " fresh" material. He stated that he enjoys and is sexually excited by the 11–15-year-old age group.

16. Shuler denied ever doing anything sexually physical with a minor. He advised the last time he viewed child sex abuse material was within the last week on his phone. He stated he has a laptop at the Evergreen home but claimed to not view CSAM on his laptop. He advised that he communicates with minors via Instagram, Kik, Telegram, Wink, Hoop, Snapchat, Mega, and perhaps others but stated that this communication with minors for immoral purposes tended to be on Instagram. He provided a possible username and email for Snapchat.

17. Shuler stated that he typically initiates contact with the minors and that he initiates the sexual component to the conversation. He advised that he typically just asks, "Hey, are you dirty minded?"

18. Shuler mentioned an incident with a minor at the Riverside Elementary, his then place of employment. He stated that he was accused of inappropriate touching but claimed he just restraining a child in the "BIP" room, what he defined as the behavior intervention/improvement program. According to Shuler, the school investigated the claim and "found it to be not true." He further claimed that he only has contact with students who give him hugs.

19. When asked about the video we were there to discuss, Shuler knew the video and identified the picture of the two boys (Minor 1 and Minor 2) featured in the video. Shuler admitted to watching it multiple times. He stated that he contacted those boys online and offered sexually explicit images in exchange for their participation in sending him an oral copulation video. During these communications, he admitted to requesting numerous types of sexually explicit videos from Minor 1 and Minor 2. Shuler stated that he sent the minors at least one video of a girl masturbating herself to them in exchange for their sexually explicit videos. He stated he did not recall the age of the girl but admitted it was a video of a female under the age of 18 further qualifying that whenever he sent sexually explicit depictions in exchange for illegal material, they were always featuring victims under the age of 18.

He stated he did not recall their names, information or ages, but estimated their age at 10-11 based of the photograph.

20. He admitted to having another phone in his possession at a house which he was house sitting at with child pornography on it. Shuler then provided the code to his phone, 7873

21. Based upon the above information and investigation, Detective Keys obtained a search warrant to seize Shuler's phone from his person which was signed by Spokane County Superior Court Judge Szambelan. This was provided to Shuler when the phone was seized.

22. Detective Keys obtained an additional warrant to seize the laptop and secondary device which was also signed by Spokane County Superior Court Judge Szambelan.

23. That same day (May 7, 2024) he and Agent Clarke along with Deputy Young served the warrant at 1718 E C St in Deer Park. Shuler was present at the residence. He showed the warrant to Shuler who walked them into the house and pointed out the cellphone in the suitcase. Det. Keys reminded Shuler of his Miranda rights and asked him additional questions. Shuler stated the following:

24. He admitted he had sexual contact with two juvenile males. The first male he stated he met on Snapchat mid-year of 2023. He advised that he convinced the juvenile he wanted a threesome and had a girl to bring to participate. When the juvenile male arrived, he stated he was the only one there. Shuler stated the juvenile told him he was 14 years old and Shuler admitted he told the male he was 22 years old. He stated he met the boy near some woods by University High School. Shuler admitted they both provided oral sex to each other. He claimed did not pay this juvenile in any way or arrange transportation for him. Shuler provided a possible first name for the boy. He stated he met another boy, approximately 14-years-old through Snapchat and stated he met him at a campground by a lake on the way to Newport,

WA. He admitted that he "sucked and jacked off" this juvenile in exchange for providing "vapes" to the youth. He does not recall the name of the boy but said it happened in the summer of 2023.

25. Shuler admitted in this second interview to having made multiple attempts to solicit other youth to meet him and engage in sex acts, some in exchange for goods or services and some by tricking them with a promise of a threesome. He admitted that with both of the minors he engaged in sex acts with, he recorded the sexual acts. He thinks he may have provided the phone to the second youth to record him performing sex acts on the minor. He has distributed these videos to other people on various apps.

26. After the seizure of the two phones from Sculer, a state warrant was signed for the search of both phones. The phones were provided by Detective Tom Keys to Neil Uhrig of the US Secret Service for digital forensic examination.

27. At the time of this complaint, Mr. Uhrig is still in the process of analyzing the devices. He has confirmed, however, that the blue iphone XR which Shuler admitted was his phone, contains many images meeting the federal definition of child pornography, including minors engaged in sex acts. Mr. Uhrig found that the blue iPhone XR was used to participate in various chat groups (also known as threads) involving the trading of child sexual abuse material. Between April 5th, 2024 and April 15th, 2024, the blue iPhone received numerous photographs via the Kik Messenger application that meet the definition of child sexual abuse material

28. Specifically, Mr. Uhrig located the following images which had been received by Shuler from the chat group:

> a. On 04/05/2024 at approx. 7:08PM, the blue iPhone XR received a photograph over the Kik messenger service. This photograph depicts a male anally penetrating a prepubescent child from the rear. Due to the angle of the camera, the genitals of the child are not visible.

b. On 04/05/2024 at approx. 7:08PM, the blue iPhone XR received a photograph over the Kik messenger service. This photograph is a collage of 16 images featuring a female infant being anally raped and in the last few photographs the infant is shown with anal injuries and a white substance dripping from her anus.

c. On 04/14/2024 at approx. 5:27PM, the blue iPhone XR received a photograph over the Kik messenger service. This photograph features a prepubescent boy being anally raped from behind with his genitals visible to the camera.

## CONCLUSION

29.    Based on the facts stated above—including the statements from Shuler, —I respectfully submit that there is probable cause to believe that Shuler was in violation of **18 U.S.C. §§ 2252A(a)(2)(A) regarding the receipt of child pornography.** I respectfully request that the Court issue a criminal complaint and a warrant for their arrest.

_____
ANDREW BOOTH, Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically on this 13th day of May 2024.

_____
James A. Goeke
United States Magistrate Judge